USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Raad, *et al.*,

Plaintiff,

–v–

Bank Audi S.A.L.,

Defendant.

20-cv-11101 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs, three family members who deposited large sums of money with Defendant Bank Audi, bring this suit for breach of contract against the Bank. Bank Audi has moved to dismiss for lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim. For the reasons set forth below, the Court grants Bank Audi's motion to dismiss for *forum non conveniens*.

# I. BACKGROUND

## A. Facts

The following allegations are drawn from Plaintiffs' Amended Complaint. Dkt. No. 22. Defendant Bank Audi S.A.L is one of the largest banks in Lebanon. *Id.* ¶ 8. The dispute centers around the nearly $18 million Plaintiffs Patricia, Stephanie, and David Raad placed into bank accounts in U.S. dollars with Bank Audi. *Id.* ¶¶ 2-4, 17. Patricia and her late husband, Michel, were among the first clients of Bank Audi (USA) in New York back in 1984. *Id.* ¶ 16. Michel set up a trust to benefit their children—Stephanie and David—at Bank Audi. *Id.* ¶ 18. In 2016 and 2017, Stephanie and David each opened accounts with Bank Audi "under the understanding"

that it would transfer the funds to New York "at their first demand." *Id.* ¶ 19. Bank Audi transferred small amounts to Plaintiffs in New York through Bank Audi's correspondent account with the Bank of New York Mellon. *Id.* ¶ 22.

In October 2019, Plaintiffs requested that Bank Audi transfer $17,494,000 of Plaintiffs' funds to their Interaudi (formerly Bank Audi (USA)) bank account in New York. *Id.* ¶ 24. Bank Audi allegedly agreed and provided Plaintiffs with orders indicating scheduled transfers of Plaintiffs' funds to New York. *Id.* ¶ 24. Ultimately, though, those transfers never occurred. *Id.* ¶ 28. On September 25, 2020, Plaintiffs addressed a demand letter to Bank Audi, which Bank Audi has not answered. *Id.* ¶ 29. Plaintiffs assert that Bank Audi is obligated to immediately transfer $17,623,674 to Plaintiffs in New York. *Id.*¶ 30.

The parties agree that they are bound by the General Agreements and that they govern the relationships between Plaintiffs and Bank Audi. Dkt. Nos. 26 at 3, 30 at 3. Chapter Six, Section Ten of the Agreements contains choice-of-law and forum-selection clauses. *See, e.g.*, Dkt. No. 27-5. The provision states: "[T]his agreement shall be governed by and construed in accordance with Lebanese laws. Beruit courts shall have jurisdiction over any dispute that may arise of this Agreement. . . . However, the Bank shall be entitled to take legal actions against the Client . . . before any other courts in Lebanon or abroad." *Id.*

**B. Procedural History**

On December 14, 2020, Plaintiffs filed a summons with the complaint against Bank Audi in New York Supreme Court, County of New York for a claim of breach of contract. Dkt. No. 1 ¶ 1; Dkt. No. 1-1. The case was removed to federal court on December 12, 2020. Dkt. No. 1. In Plaintiff's Amended Complaint, the operative complaint in this action, Plaintiffs bring claims against Bank Audi for breach of contract. Dkt. No. 22. Bank Audi filed a Motion to Dismiss the

Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), *forum non conveniens*, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 25.

For the reasons indicated below, the Court concludes that there is a valid, mandatory forum selection clause and that the case must be dismissed on the grounds of *forum non conveniens.* Although the Court is highly doubtful that it has personal jurisdiction over Bank Audi, it need not and does not reach the other grounds for dismissal advanced in Bank Audi's motion.[1]

## II. DISCUSSION

"A valid and enforceable contractual forum-selection clause can constitute sufficient grounds for dismissal." *Yovel-Bash v. Wellesley Asset Secured Portfolio, Inc.*, 12-cv-5280 (JMA), 2013 WL 4781539, at *8 (E.D.N.Y. Sept. 5, 2013). The Court must first consider whether the forum-selection clause is valid. *See Marine Const Co., Inc v. U.S. Dist. Court for the Western Dist. of Tex.*, 571 U.S. 49, 63 (2013). If the clause is valid, the Court applies a modified *forum non conveniens* analysis and enforces the forum-selection clause absent "extraordinary circumstances." *Id.* at 62-63.

A district court may rely on the pleadings and affidavits in deciding a motion to dismiss for *forum non conveniens* based on a forum-selection clause. *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014). But the court must conduct an evidentiary hearing to resolve disputed factual questions in favor of the defendant. *Id.* at 217. The Plaintiffs have neither

---

[1] Courts may decide motions based on *forum non conveniens* grounds before addressing questions of personal jurisdiction. *See Magi XXI, Inc. v. Stat della Città del Vaticano*, 714 F.3d 714, 720 n.6 (2d Cir. 2013) (citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007)).

raised any disputed issues of fact that are material to resolution of the *forum non conveniens* issue nor requested an evidentiary hearing. Thus, the Court will proceed on the pleadings and affidavits in the record.

**A. The Forum Selection Clause is Mandatory and Valid**

"[A] district court must consider three factors in determining whether the presumption of enforceability applies to a forum selection clause: whether (1) the clause was reasonably communicated to the party resisting its enforcement; (2) the clause is mandatory or permissive; and (3) the claims and parties to the dispute are subject to the clause." *Fasano v. Yu Yu*, 921 F.3d 333, 335 (2d Cir. 2019) (citation omitted). When the court concludes that the presumption of enforceability applies, it must consider an additional factor: "whether the presumption of enforceability has been properly rebutted by a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was valid for such reasons as fraud or overreaching." *Id.* at 336 (cleaned up).

Factors one and three easily support a finding of a presumption of enforceability. The parties do not dispute that the clause was communicated to the parties—the Plaintiffs willingly and knowingly signed the Agreement. And the Agreement governs both parties, and "all matters related to or resulting from the accounts." *E.g.*, Dkt. 27-5.

But Plaintiffs argue that the Agreements contain permissive forum-selection clauses and therefore the Court need not enforce them. Dkt. No. 30 at 15 & n.18. On the undisputed record, this argument is without merit. The Agreement in English states that "Beruit courts shall have jurisdiction over any dispute that may arise of [the] Agreement," but "the Bank shall be entitled to take legal actions against the Client . . . before any other courts in Lebanon or abroad." *E.g.*, Dkt. No. 27-5.

"Shall" indicates that the forum-selection clause is mandatory. *See, e.g.*, *Fasano*, 921 F.3d at 336 (finding that "shall be litigated" language made a forum-selection clause mandatory).[2] What's more, the clear distinction that Bank Audi may bring suits outside of Lebanon indicates that the previous sentence means that clients—like Plaintiffs—cannot. On the undisputed record, the Court readily concludes that the forum-selection clause is mandatory.

Plaintiffs argue that the forum-selection clause should not be enforced because enforcement would be "unreasonable or unjust." Dkt. No. 30 at 16. They argue that Bank Audi has "overwhelming bargaining power and political connections" in Lebanon's judicial system and that Plaintiffs would be "deprived of their day in court in Lebanon." *Id.* But Plaintiffs' evidence—the Saliba Declaration—only demonstrates general issues with political interference within Lebanon's judiciary. Dkt. No. 32 ¶¶ 33-39. In analyzing whether enforcement of an otherwise applicable and mandatory forum selection clause would be unreasonable or unjust, the Court is not permitted to "pass value judgments on the adequacy of justice and integrity of [Lebanon's] judicial system" based on "bare denunciations and sweeping generalizations." *In re Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 499 (2d Cir. 2002) (citation omitted); *see also Du Quenoy v. American University of Beruit*,

[2] An Arabic version of the Agreement, signed by Plaintiff Patricia Raad in 2014, states that "[t]he Beruit courts *alone* shall have jurisdiction over any dispute that may arise." Dkt. No. 27-2 ¶ 8 (emphasis added). Bank Audi says this is further support that the clause is mandatory. Dkt. No. 26 at 18-19. Plaintiffs assert that the Court should not consider the Arabic translation because Bank Audi "has drafted the contracts which were signed by parties in English, and should be bound by the plain language it has chosen." Dkt. No. 30 at 15 n.17. Plaintiffs also submit a declaration asserting that the more recent version of Patricia Raad's Agreement, executed in English in 2020 and matching the Agreements of the other Plaintiffs, should apply. Dkt. No. 32 ¶ 13; Dkt. No. 1-3 at 13-14. The Court need not determine which one should apply because even assuming that Plaintiffs are correct and the English version of the Agreement is the only one the Court should consider, the Court concludes that version of the Agreement sufficiently establishes that the forum-selection clause is mandatory.

828 F. App'x 769, 772 (2d Cir. 2020) (rejecting plaintiff's argument that enforcement of otherwise valid forum-selection clause in Lebanon would be unreasonable or unjust based on general allegations, rather than specific evidence, of corruption and bias within the judiciary there). Plaintiffs fail to demonstrate that Bank Audi specifically has previously influenced the judiciary, or that Lebanese courts resolving this dispute would be unfair or prejudiced toward the Plaintiffs. Further, Plaintiffs voluntarily conducted business with Bank Audi, and "must have anticipated the possibility of litigation in [Lebanon]." *Monegasque De Reassurances S.A.M.*, 311 F.3d at 499. These considerations weigh against finding the forum-selection clause unenforceable.

The Court finds that the forum-selection clause is mandatory and valid.

**B. The Forum Selection Clause is Enforceable**

Once the court has determined that the parties have agreed to a valid forum-selection clause, a district court should give it "controlling weight in all but the most exceptional circumstances." *Atlantic Marine*, 571 U.S. at 63. "Only under extraordinary circumstances unrelated to the convenience of the parties" should the motion to dismiss for *forum non conveniens* be denied. *Id.* at 62. The plaintiff must demonstrate to the court "why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 64. The court should not "consider arguments about the parties' private interests," but instead "may consider arguments about public-interest factors only." *Id.* Those factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 & n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 & n.6 (1981)) (cleaned up). However, "[b]ecause those factors will rarely defeat a transfer motion,

the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

Plaintiffs fail to satisfy any of these factors or establish this case as an extraordinary one. They allege that a trial in New York is "convenient," but that factor does not constitute an extraordinary circumstance. Lebanon has an interest in regulating the conduct of Lebanese banks and resolving disputes for contracts that were executed within its borders and governed by its laws. Plaintiffs have failed to set forth any public interest factors that would prevent the Court from enforcing the forum-selection clause.

## III. CONCLUSION

For the reasons stated above, the Court concludes that the forum-selection clause is mandatory, valid, and enforceable. Bank Audi's motion is GRANTED, and this case is dismissed for *forum non conveniens*. This resolves Docket Numbers 13 and 25. Also before the Court is Bank Audi's motion to strike Plaintiffs' evidence provided in opposition to the Motion to Dismiss and in further support of Plaintiffs' Motion for an Order of Attachment. Dkt. No. 43. Because the Court grants the motion to dismiss, the motion to strike is DENIED as moot.

SO ORDERED.

Dated: September 29, 2021
New York, New York

ALISON J. NATHAN
United States District Judge